IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA, )
 )
 Plaintiff, )
 )
v. ) Case No. 09-20133-05-JWL
 )
RADELL BRADFORD, )
 )
 Defendant. )
 )
_____)

## MEMORANDUM AND ORDER

This matter is presently before the Court on defendant's motion for modification of her sentence (Doc. # 1400). The motion is **denied**.

On March 23, 2011, defendant pleaded guilty to one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), pursuant to a plea agreement under Fed. R. Crim. P. 11(c)(1)(C) that provided for a sentencing range of 87 to 108 months' imprisonment. On July 19, 2011, the Court sentenced defendant to a term of imprisonment of 98 months. The Court determined that the applicable sentencing guideline range was 108 to 135 months, but that a term of 98 months was nevertheless appropriate in light of the plea agreement and the Court's determination that defendant's role was more important than others in the conspiracy but that her criminal history was over-represented by the applicable range.

Defendant now seeks modification of her sentence pursuant to 18 U.S.C. §

3582(c)(2), which provides the following exception to the general rule prohibiting a court's modification of a term of imprisonment:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 944(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Id.* In support of her motion, defendant cites *Freeman v. United States*, 131 S. Ct. 2685 (2011). In that case, the Supreme Court held that a sentence could still be based on a sentencing guideline range and modified under Section 3582(c)(2) even if the defendant pleaded guilty pursuant to a Rule 11(c)(1)(C) plea agreement. *See Freeman*, 131 S. Ct. 2685. *Freeman* does not help defendant in this case, however, because defendant's sentence was not based on a guideline range that was subsequently lowered by the Sentencing Commission. Thus, whether or not it followed a Rule 11(c)(1)(C) plea, defendant's sentence does not satisfy the express requirements of Section 3582(c)(2), and her sentence cannot be modified under that provision.

In her motion, defendant also seeks modification based on her argument that the Court imposed a lengthy term of imprisonment to allow for her participation in the Bureau of Prisons's Residential Drug Abuse Program (RDAP), for which she ultimately proved ineligible. Defendant cites *Tapia v. United States*, 131 S. Ct. 2382 (2011), in which the Supreme Court held that a court could not impose or lengthen a term of

2

imprisonment in order to allow for a particular treatment in prison or to promote rehabilitation. *See id.* Defendant also cites *United States v. Kubeczko*, 660 F.3d 260 (7th Cir. 2011), in which the Seventh Circuit relied on *Tapia* in vacating a sentence above the guideline that the district court imposed to allow for completion of a particular treatment program. *See id.* Again, however, the cited precedents do not apply to the facts of defendant's case. The Court did not set the length of defendant's term of imprisonment in order to allow for a particular treatment or to promote rehabilitation. As noted above, the 98-month term was actually below the applicable guideline range and was based on the plea agreement range and the other factors noted by the Court concerning her role in the offense and her criminal history score. In fact, in the Court's statement of reasons for imposing a sentence outside the guidelines, certain listed reasons were checked, but the box for "provid[ing] the defendant with . . . correctional treatment" was left unchecked. Defendant has not supplied any evidence that the Court imposed a particular term of imprisonment to allow for certain treatment or to promote rehabilitation, and in fact the Court did not set her term of imprisonment in that fashion. Thus, defendant is not entitled to relief under *Tapia*.

For these reasons, defendant is not entitled to modification of her sentence, and her motion is denied.[1]

---

[1]In her reply brief, defendant stated that she did not receive a copy of the Government's response to her motion, and she argued that she should be granted relief based on the Government's failure to comply with the Court's order setting a response

(continued...)

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion for modification of her sentence (Doc. # 1400) is **denied**.

IT IS SO ORDERED.

Dated this 25th day of April, 2012, in Kansas City, Kansas.

                                                                                        s/ John W. Lungstrum  
                                                                                        John W. Lungstrum  
                                                                                       United States District Judge

---

[1](...continued)
deadline. Defendant subsequently filed a supplemental reply brief, in which she stated that she did not receive the Government's response until a month after the deadline for that brief, and argued that the response should be rejected as untimely. The Government did file a response with the Court prior to the deadline, however, and that brief will therefore be considered. Moreover, defendant has not suffered any prejudice from the delay in her receipt of the response because the Court has considered her supplemental reply brief, and because it is apparent from the face of defendant's motion that she is not entitled to relief.