# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|   |   |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 09-20133-06-JWL |
| MECHIEEN McDOWELL (06), ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

On March 21, 2011, defendant Mechieen McDowell pled guilty subject to a written plea agreement to felony money laundering (docs 792, 795). She received a 108 month sentence on September 1, 2011. She did not file a direct appeal.

This matter comes before the court on Ms. McDowel's Motion to Appoint Counsel (doc. 1495). For the reasons set forth below, this motion is denied.

## ANALYSIS

Ms. McDowell asks the court to appoint an attorney to assist with her motion to vacate, correct, or set aside her conviction pursuant to 28 U.S.C. § 2255. There is, however, no constitutional right to counsel beyond the direct appeal of a conviction. *Swazo v. Wyo. Dep't of Corrs.*, 23 F.3d 332, 333 (10th Cir. 1994). "[T]he right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The court has the discretionary ability to appoint

counsel under 18 U.S.C. § 3006A(a)(2)(B), unless the matter requires an evidentiary hearing.

Here, Ms. McDowell does not have a § 2255 petition pending at this time. As such, the court has no basis to grant the defendant appointment of counsel under § 3006A(a)(2)(B).

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion to Appoint Counsel (doc. 1495) is denied.

**IT IS SO ORDERED** this 15th day of May, 2012.

                                      s/ John W. Lungstrum
                                      John W. Lungstrum
                                      United States District Judge